ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ANNETTE SOTERO IRIZARRY, ELIX ANTONIO MELÉNDEZ SANTIAGO y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelante,<br><br>v.<br><br>CARMEN MILAGROS VEGA FELICIANO y JOSÉ SANTIAGO CAQUÍAS y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelada. | TA2026AP00221 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Ponce.<br><br>Civil núm.: PO2025CV01059.<br><br>Sobre: entredicho provisional; *injunction* preliminar y permanente; daños y perjuicios. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 17 de abril de 2026.

Nos corresponde determinar si, conforme la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 29 de enero de 2026, es el proceso criminal y no el *injunction* permanente, el mecanismo procesal adecuado para atender los reclamos de la parte apelante, compuesta por la señora Annette Sotero Irizarry (señora Sotero), el señor Elix Antonio Meléndez Santiago (señor Meléndez) y la sociedad legal de bienes gananciales compuesta por ambos.

Por los fundamentos que expondremos a continuación, **confirmamos** la sentencia apelada.

I

El 23 de abril de 2025, la parte apelante presentó un recurso extraordinario de *injunction*, que incluía una causa de acción en daños y perjuicios contra la parte apelada del título, compuesta por la señora Carmen Vega Feliciano (señora Vega), el señor José Santiago Caquías

(señor Santiago) y la sociedad legal de bienes gananciales compuesta por ambos. Las partes litigantes son vecinos y residen en el sector Los Potes de la Comunidad La Playa, ubicada en el Municipio de Ponce. En su demanda, la parte apelante solicitó al foro primario, entre otros asuntos, que ordenara a los apelados abstenerse de realizar o permitir actos de violencia, agresión o intimidación en su contra, y que detuvieran inmediatamente los ruidos y la música a alto volumen en horarios de descanso[1].

Por la naturaleza de la conducta alegada, el 24 de abril de 2025, el foro primario emitió una resolución *ex parte* y concedió el entredicho provisional solicitado[2].

La vista sobre el *injunction* preliminar se celebró el 16 de mayo de 2025[3]. A ella compareció la parte apelante, con representación legal, y la apelada, por derecho propio. Tras escuchar a las partes litigantes, el tribunal concedió a la parte apelada un término para contratar representación legal y contestar la demanda instada en su contra.

El 5 de junio de 2025, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* de interdicto preliminar[4]. Concluyó que la parte apelante había logrado satisfacer los criterios que exige la doctrina para la concesión del *injunction* preliminar. Por tanto, reiteró lo dispuesto en su resolución de entredicho provisional del 24 de abril de 2025, y prohibió a la señora Vega y al señor Santiago, so pena de desacato, interrumpir de forma alguna el libre disfrute de la parte apelante de su propiedad, ocasionar daños a la propiedad, o a su persona, hasta tanto resolviera finalmente la solicitud de *injunction* permanente.

---

[1] Entrada 1 SUMAC TPI. La parte apelante adjuntó a su recuso dos resoluciones emitidas por el Tribunal Municipal de Ponce, con relación al caso JAQ2023-0225.

[2] Entrada 5 SUMAC TPI.

[3] En esta ocasión, además de escuchar los testimonios de las partes litigantes, el tribunal admitió como prueba 10 fotos y 8 informes de querella de distintas fechas, presentadas entre septiembre del 2023, hasta febrero de 2025.

[4] Entrada 33 SUMAC TPI.

Luego, el 20 de octubre de 2025, y a solicitud de la parte apelante, el Tribunal de Primera Instancia emitió una resolución mediante la cual le anotó la rebeldía a la parte apelada, por esta no haber comparecido con representación legal y no haber presentado su alegación responsiva.

En cuanto al *injunction* permanente y la acción de daños, el 10 de diciembre de 2025, el foro primario celebró la vista en rebeldía. Nuevamente, comparecieron la parte apelante con su representación legal, y la parte apelada, por derecho propio[5]. El tribunal escuchó los testimonios de los señores Sotero y Meléndez, y recibió la prueba documental que estos sometieron. Sin embargo, previo a la culminación de la vista, el tribunal otorgó un término para que las partes litigantes se reunieran y llegaran a un acuerdo.

Al no presentarse acuerdo transaccional alguno, el 30 de enero de 2026, el Tribunal de Primera Instancia emitió la sentencia objeto de este recurso. En lo pertinente, el foro primario expresó que, por tratarse de un proceso civil, no podía otorgar los remedios solicitados por los apelantes. En específico, sostuvo que la prueba presentada por la parte apelante no resultaba suficiente para adjudicar la causa de acción de daños, al no poder precisar ni identificar la persona que había provocado los daños alegados en la demanda.

Inconforme, el 30 de marzo de 2026, la parte apelante presentó este recurso de apelación y formuló los siguientes señalamientos de error:

> Incidió en error del derecho el Tribunal de Primera Instancia, al desestimar con perjuicio el recurso de Injunction Permanente presentado por los Apelantes, Sra. Annette Sotero Irizarry y el Sr. Elix Antonio Meléndez Santiago, expresando que el proceso criminal es el remedio adecuado en ley que deben presentar los Apelantes para obtener el alivio y el control sobre la música estridente y en alto volumen.

> Incidió en error de derecho el Tribunal de Primera Instancia, al utilizar como parte de sus determinaciones de hechos, eventos del 26 de enero del 2026, que surgieron posterior al caso quedar sometido en la vista de rebeldía del 10 de diciembre del 2025.

---

[5] Entrada 53 SUMAC TPI. En la vista, la representación legal de los apelantes informó que se había suscitado un incidente en la madrugada, relacionado a unas detonaciones detrás de la residencia de sus representados. Además, informó que se hizo una denuncia y una querella. Finalmente, informó que existía una investigación en curso y un vídeo.

> Incidió en error de derecho el Tribunal de Primera Instancia, al expresar que las partes Apelantes tienen otro remedio adecuado en nuestro estado derecho, para controlar e impedir que un vecino que incurre de manera reiterada en la emisión de ruidos excesivos mediante música a alto volumen y "voceteo" durante horas nocturnas y de madrugada, constituyendo una perturbación a la tranquilidad pública, afectando el derecho al descanso y la sana convivencia vecinal.
>
> Incidió en error de derecho el Tribunal de Primera Instancia, al desviarse del remedio principal solicitado por las partes Apelantes en el recurso de injunction, para que sus vecinos, los Apelados, cesen la conducta reiterada en la emisión de ruidos excesivos mediante música a alto volumen y "voceteo" durante horas nocturnas y de madrugada, lo que vulnera los derechos fundamentales, como el derecho a la vida y a la salud, en cuanto el descanso adecuado; asimismo, afecta el derecho a la libertad e impide el disfrute pacífico de la propiedad al obstaculizar el uso y goce pleno y tranquilo de la misma, lo que ameritaba la intervención del Tribunal.

(Énfasis omitido).

Ante la naturaleza de los errores señalados, otorgamos un término a la parte apelante para que presentara la regrabación de la prueba oral. El 27 de marzo de 2026, la parte apelante presentó la regrabación de la vista en rebeldía celebrada el 10 de diciembre de 2025.

Como reseñamos, a la parte apelada se le anotó la rebeldía por lo que, en esta ocasión, prescindimos de su comparecencia en esta etapa del procedimiento, y resolvemos.

II

El *injunction* es un mandamiento judicial que requiere a una persona abstenerse de hacer, o de permitir que se haga, determinada cosa que perjudique el derecho de otra. *Senado de PR v. ELA*, 203 DPR 62, 71 (2019). Véase, además, el Art. 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421.

En cuanto a los criterios para expedir una orden de entredicho provisional o *injunction* preliminar, en las Reglas de Procedimiento Civil, 32 LPRA Ap. V, se dispone que el tribunal deberá considerar, entre otros, los siguientes:

(a) la naturaleza del daño a que está expuesto la parte peticionaria;

(b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;

(c) la probabilidad de que la parte promovente prevalezca;

(d) la probabilidad de que la causa se torne en académica;

(e) el impacto sobre el interés público del remedio que se solicita, y

(f) la diligencia y la buena fe con que ha obrado la parte peticionaria.

Regla 57.3 de Procedimiento Civil, 32 LPRA Ap. V.

De otra parte, el interdicto permanente es el remedio extraordinario atendido por un tribunal mediante el trámite de un juicio ordinario o en sus méritos. Con relación a este, el Tribunal Supremo de Puerto Rico ha expresado que el *injunction*, por su naturaleza de recurso extraordinario, se expide con carácter discrecional y, mientras exista algún remedio eficaz, completo y adecuado en ley, no se considerará el daño como irreparable. *Pérez vda. Muñiz v. Criado*, 151 DPR 355, 372 (2000).

De hecho, en ánimo de codificar los factores que un tribunal deberá evaluar al considerar una petición de *injunction* permanente, la Legislatura enmendó la Regla 57 de Procedimiento Civil y el Art. 677 del Código de Enjuiciamiento Civil; ello, con el fin de atemperar dichas disposiciones a lo dispuesto por el Tribunal Supremo en *Aut. Tierras v. Moreno & Ruiz*, 174 DPR 409 (2008); según reiterado en *Plaza las Américas v. N & H*, 166 DPR 631, 644 (2005).

Mediante la Ley Núm. 132 de 25 de noviembre de 2025, con efectividad inmediata, se adicionó la Regla 57.5 (los restantes incisos de la Regla 57 fueron reenumerados) y se dispuso que el tribunal tiene que considerar, entre otros, los siguientes criterios para determinar si concede o no el *injunction* preliminar: (a) si el demandante ha prevalecido en un juicio en sus méritos; (b) si el demandante posee algún remedio adecuado en ley; (c) el interés público implicado; y, (d) el balance de equidades.

Por tanto, queda claro que solo procede conceder una petición de *injunction* permanente si la parte que lo solicita demuestra que no tiene ningún otro remedio en ley para evitar un daño. *Senado de PR v. ELA*, 203

DPR, a la pág. 72; *Mun. de Loíza v. Sucns. Súarez et* al., 154 DPR 333, 367-368 (2001).

III

En síntesis, la parte apelante señala que el Tribunal de Primera Instancia erró al desestimar su causa de acción. En particular, al desviarse del remedio principal solicitado en el recurso de *injunction*; a decir, el cese de la conducta de emisión de ruidos excesivos mediante música a alto volumen, y el "voceteo"[6] durante horas nocturnas y de madrugada. Añade que también incidió al considerar en su determinación hechos posteriores a la vista en rebeldía. Finalmente, señala que el foro primario erró al determinar que tenía a su favor otros remedios legales disponibles.

La apelante arguye que, mediante su testimonio, no solo señaló, sino que probó, que la música que provocaba su agravio provenía de la casa de la parte apelada, era estridente e intensa, y duraba hasta altas horas de la madrugada, lo cual resultaba intolerable. Además, sostuvo que demostró que no se trataba de eventos aislados sino de un patrón de conducta casi diario.

Añade que las determinaciones de hechos expuestas por el Tribunal de Primera Instancia en su sentencia parcial sobre *injunction* preliminar del 29 de mayo de 2025 demostraban que el *injunction* clásico era el único remedio disponible para regular e impedir la continuación de la conducta reiterada de la parte apelada.

Según expusimos, la parte que solicita un *injunction* tiene que demostrar un daño irreparable, que no pueda ser satisfecho adecuadamente por los remedios legales disponibles. Es decir, que no procede una reclamación para la expedición de un *injunction* permanente cuando existen remedios legales adecuados, pues su disponibilidad excluye la concesión del remedio extraordinario solicitado. Como

---

[6] En Puerto Rico, el *voceteo* se conoce como la potenciación de las capacidades de un sistema de sonido que se le instala a un vehículo de motor para alcanzar altos decibeles en la reproducción de música con el propósito de competir con otros o de hacer alarde, intimidar, etc. Véase, *Tesoro Lexicográfico del Español de Puerto Rico*, *https://tesoro.pr/lema/voceteo?q=voceteo* (última visita el 7 de abril de 2026).

destacamos, el Tribunal Supremo de Puerto Rico ha sido enfático al requerir a los tribunales que, previo a expedir un *injunction*, consideren la existencia de algún otro remedio eficaz, completo y adecuado en ley. Asimismo, resaltamos que, cuando esté disponible tal remedio, no se considerará el daño alegado como irreparable.

Según surge de la regrabación de la vista evidenciaria, la señora Sotero declaró que los apelados, si bien son sus vecinos, viven a una distancia de 300 pies de su residencia. Declaró que, a pesar de llamar a la Policía para que interviniera, cuando esta llegaba, no encontraba disturbio alguno. En cuanto a los actos amenazantes, tanto la señora Sotero como el señor Meléndez declararon que le han tirado huevos y piedras a su residencia, le han averiado las gomas de sus autos y personas encapuchadas les han amenazado de muerte, presuntamente, por acudir a la Policía y quejarse del volumen de la música[7]. No obstante, **no surge de la regrabación que los apelantes hubieran identificado a alguno de los apelados como responsables de tales actos**.

De otra parte, la señora Vega declaró que en la misma calle hay varios negocios, una fábrica de procesamiento de aguas usadas y vecinos que tienen música alta a diferentes horas del día; que ella trabaja fuera del hogar, tiene niños pequeños y pasa poco tiempo en su casa. Inclusive, expresó que ella y su esposo buscan mudarse del área[8].

En este caso, la prueba presentada por la parte apelante no resulta suficiente para que prevalezca su solicitud de *injunction* permanente o su causa de acción de daños y perjuicios. Como sabemos, aunque se tratara de una vista celebrada en rebeldía, el tribunal no venía obligado a otorgar el remedio a favor de la parte promovente.

Examinada la totalidad del expediente y la regrabación de la prueba oral, concluimos, al igual que el Tribunal de Primera Instancia, que la parte apelante no pudo precisar, ni identificar la persona que le ha provocado los

---

[7] Regrabación, a los minutos: 0:18-0:20 y 0:29:00 a 0:31:00.

[8] Regrabación, a los minutos: 0:41:00 – 0:43:00.

daños. Ello, pues no presentó evidencia admisible suficiente para probar uno o más de los elementos materiales y esenciales de su causa de acción en daños. Por tanto, el Tribunal de Primera Instancia no estaba en posición de imponerle responsabilidad a la parte apelada,

Como bien apuntó el tribunal en su sentencia, una sala civil no posee la facultad de conceder el remedio que requiere la parte apelante, por tratarse de asuntos de naturaleza criminal. Es decir, los remedios criminales ordinarios están disponibles para los apelantes. Ciertamente, ante las alegaciones en cuanto a los riesgos sobre su persona, su integridad corporal, su seguridad, la de su familia, y la posible comisión de delitos graves, es el proceso criminal el adecuado en ley conforme a nuestro estado de derecho.

IV

Por los fundamentos expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 29 de enero de 2026.

El juez Sánchez Ramos concurre en el resultado, únicamente en atención a la insuficiencia de la prueba presentada por la parte demandante para sustentar sus causas de acción.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones